### TAYLOR & RADDIN *v.* ALEXANDER SMITH, JR.

The Act of 1858, which declares that parol evidence shall not be received to prove any promise to pay the debt of a third person, will have no application to a case in which it is proved that the promise was made prior to the passage of that Act, that the testimony was received without objection and related to a bill of exchange upon which it was sought to hold the defendant responsible.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

*T. J. & A. G. Semmes*, for plaintiff. *Michel & Koontz*, for defendant and appellant.

MERRICK, C. J. The facts of this case will be found in the opinion of the District Judge, as follows :

" The evidence in this case shows, that although defendant's firm did not accept the draft sued on by writing their names across the face of the same, as is usual, yet by their acts they have become liable to the plaintiffs for the amount of the draft, in the same manner as if they had formally accepted the same. When plaintiff's clerk went around to defendant's house to inquire if it was safe and prudent to ship the goods (the consideration of the draft,) he was informed by defendant that it was all right, and to ship the goods ; and when the clerk presented the draft for acceptance, defendant did not refuse to accept it, but told him to leave it. When the witness, *Baldwin*, went around to defendant's house to know whether or not they would accept the draft, he was informed that defendant's co-partner had gone to *Kimball* to obtain property to secure them, and when he returned he informed witness that he had obtained property enough to

pay the draft, and that as soon as the property was sold, he would pay the same. The property was sold, and defendant has failed to pay the draft."

Defendant denies that the testimony makes out a case against him, and furthermore invokes the Act of 1858, p. 48, which declares, that hereafter, parol evidence shall not be received to prove any promise to pay the debt of a third person, but that in all such cases the promise to pay shall be proven by written evidence signed by the party to be charged, or by his specially authorized agent or attorney in fact.

But in this case, the promise is proved to have been made before the Act of 1858 was passed, the testimony was received without objection, and it relates to a bill of exchange upon which the defendant is sought to be made responsible as a debtor;—three sufficient reasons why the statute can have no application to this case.

We think that defendant's promises to pay the draft have been sufficiently proven.

Judgment affirmed.

LAND, J., absent.